UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLOYD R. LEWIS, )<br>)<br>     **Plaintiff,** )<br>  v. ) | <br><br><br>Case No. |
| ) | |
| TIMOTHY M. SILVA, OGNJEN K. )<br>SHALJANIN, KARL D. KRUGER, JACOB )<br>GARZA, VINCENT S. BONSONTO, JOSHUA )<br>M. PIETRYLA, MICHAEL J. PIETRYLA, JR., )<br>ANDRE S. BALSECA, BRANDON BAYLIAN, )<br>MICHAEL F. BONSONTO, ANTONIO )<br>GODINEZ, ANGELINA P. CAHUE, JOSE D. )<br>GOMEZ, ELLIOTT C. MUSIAL, VICKY )<br>APOSTOLOU, ALEX FREEMAN, JACK C. )<br>KENTER, AARON DAVID, CHRISTOPHER )<br>VALDEZ, MOISES DIAZ, ROBERT )<br>CABELLO, and CITY OF CHICAGO, a )<br>Municipal Corporation, )<br>)<br>     **Defendants.** ) | Judge<br><br>Magistrate Judge<br><br>**JURY TRIAL DEMANDED** |

## CIVIL RIGHTS COMPLAINT

Plaintiff, FLOYD R. LEWIS, by and through his attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complains against defendants, TIMOTHY M. SILVA, OGNJEN K. SHALJANIN, KARL D. KRUGER, JACOB GARZA, VINCENT S. BONSONTO, JOSHUA M. PIETRYLA, MICHAEL J. PIETRYLA, JR., ANDRE S. BALSECA, BRANDON BAYLIAN, MICHAEL F. BONSONTO, ANTONIO GODINEZ, ANGELINA P. CAHUE, JOSE D. GOMEZ, ELLIOTT C. MUSIAL, VICKY APOSTOLOU, ALEX FREEMAN, JACK C. KENTER, AARON DAVID, CHRISTOPHER VALDEZ, MOISES DIAZ, ROBERT CABELLO, and CITY OF CHICAGO, a Municipal Corporation, as follows:

1.    This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiff,

FLOYD R. LEWIS, through acts and/or omissions of defendants, TIMOTHY M. SILVA, OGNJEN K. SHALJANIN, KARL D. KRUGER, JACOB GARZA, VINCENT S. BONSONTO, JOSHUA M. PIETRYLA, MICHAEL J. PIETRYLA, JR., ANDRE S. BALSECA, BRANDON BAYLIAN, MICHAEL F. BONSONTO, ANTONIO GODINEZ, ANGELINA P. CAHUE, JOSE D. GOMEZ, ELLIOTT C. MUSIAL, VICKY APOSTOLOU, ALEX FREEMAN, JACK C. KENTER, AARON DAVID, CHRISTOPHER VALDEZ, MOISES DIAZ, ROBERT CABELLO, and CITY OF CHICAGO, a Municipal Corporation, committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. This action also arises under Illinois state law.

## JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4. At all times herein mentioned, plaintiff, FLOYD R. LEWIS (hereinafter LEWIS), was and is a citizen of the United States and the State of Illinois.

5. At all times herein mentioned, defendants TIMOTHY M. SILVA (hereinafter SILVA), OGNJEN K. SHALJANIN (hereinafter SHALJANIN), KARL D. KRUGER (hereinafter KRUGER), JACOB GARZA (hereinafter GARZA), VINCENT S. BONSONTO (hereinafter V. BONSONTO), JOSHUA M. PIETRYLA (hereinafter J. PIETRYLA),

2

MICHAEL J. PIETRYLA, JR. (hereinafter M. PIETRYLA), ANDRE S. BALSECA (hereinafter BALSECA), BRANDON BAYLIAN (hereinafter BAYLIAN), MICHAEL F. BONSONTO (hereinafter M. BONSONTO), ANTONIO GODINEZ (hereinafter GODINEZ), ANGELINA P. CAHUE (hereinafter CAHUE), JOSE D. GOMEZ (hereinafter GOMEZ), ELLIOTT C. MUSIAL (hereinafter MUSIAL), VICKY APOSTOLOU (hereinafter APOSTOLOU), ALEX FREEMAN (hereinafter FREEMAN), JACK C. KENTER (hereinafter KENTER), AARON DAVID (hereinafter DAVID), CHRISTOPHER VALDEZ (hereinafter VALDEZ), MOISES DIAZ (hereinafter DIAZ), and ROBERT CABELLO (hereinafter CABELLO) were sworn members of the Chicago Police Department and were acting under color of state law and as employees or agents of the CITY OF CHICAGO, ILLINOIS (hereinafter CITY OF CHICAGO).

6. At all times herein mentioned, defendants KRUGER, MUSIAL, and KENTER were Chicago police sergeants acting in a supervisory capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**FACTUAL ALLEGATIONS**

8. In the afternoon of October 3, 2021, there was police activity near the corner of West Douglas Boulevard and South Trumbull Avenue in Chicago, Illinois.

9. Plaintiff LEWIS went to the scene, having been told that one of his friends had been injured and possibly killed.

10. When plaintiff LEWIS arrived on the scene, defendant officers were already there.

11. There was a red tape up, but there was confusion as to where the actual "crime scene" was, in that many police officers were on both sides of the tape and citizens were on both sides of the tape.

12. Soon after arriving, plaintiff LEWIS began to leave the scene to return to his vehicle, going north on Trumbull Avenue towards Douglas Boulevard, but he was pursued by defendant SHALJANIN, who yelled at him and began pushing him southbound, escalating the situation. Other defendant officers were nearby, on both sides of the red tape, and were observing the incident, but did not intervene.

13. As defendant SHALJANIN was pushing plaintiff LEWIS, defendant SILVA approached and grabbed plaintiff LEWIS, first pushing him and then roughly pulling plaintiff LEWIS several feet by the arm, escalating the situation. Other defendant officers were nearby, on both sides of the red tape, and were observing the incident, but did not intervene.

14. Plaintiff LEWIS was speaking with defendant KRUGER, a supervisor, but the pushing continued. KRUGER failed to intervene.

15. Plaintiff LEWIS stumbled several feet each time he was pushed, and he asked the officers to stop pushing him, because he was leaving the scene. Other defendant officers were nearby, on both sides of the red tape, and were observing the incident, but did not intervene.

16. After LEWIS went under the red tape, defendant SILVA chased plaintiff LEWIS, coming from the other side of the police tape, grabbed him with force, and began handcuffing him.

17. At least six to ten of the defendant officers, including defendants SILVA, SHALJANIN, KRUGER, J. PIETRYLA, and M. PIETRYLA, converged on plaintiff LEWIS to

4

handcuff him, even though he was not resisting arrest, causing plaintiff LEWIS to be roughly pulled in multiple directions by multiple defendant police officers. Other defendant officers were nearby and observing the incident, but did not intervene.

18. Defendant police officers slammed plaintiff LEWIS against a parked vehicle, with one of them hitting LEWIS's head against the roof of the vehicle, causing much pain.

19. While the defendant officers were placing plaintiff LEWIS in handcuffs, the gold chains that LEWIS was wearing around his neck fell to the ground.

20. Plaintiff LEWIS asked repeatedly that he be given his gold chains back, but he was not, despite assurances from defendant SHALJANIN that he would receive his chains.

21. A private citizen picked up the chains, but SHALJANIN said he would take custody of the chains. No other officers intervened to assure that this was done.

22. After plaintiff LEWIS was placed in handcuffs, defendants SILVA and J. PIETRYLA, and other officers, took plaintiff LEWIS to a Chicago police vehicle, walking directly through the area the police claimed afterwards was the "crime scene."

23. Other non-police officers entered and were within the "crime scene," but were not arrested.

24. Defendants J. PIETRYLA and SILVA used undue force to place plaintiff LEWIS in the police vehicle, by shoving him and roughly pulling LEWIS by his handcuffed wrists backwards into the car, all the while LEWIS was attempting to speak with defendant J. PIETRYLA about his gold chains. This caused much pain. No other officers nearby intervened.

25. Plaintiff LEWIS was arrested and charged with resisting arrest/obstructing a peace officer, even though there was no probable cause for such an arrest and charge.

26. Plaintiff LEWIS was taken to the police station, booked, processed, charged with the false charge, and wrongfully detained.

27. The criminal charge against plaintiff LEWIS was eventually dismissed.

28. Plaintiff LEWIS' gold chains were either retained by the police and "lost," or were allowed to be taken and stolen by a person on the street.

29. By reason of the above-described acts and omissions of the defendant police officers, plaintiff LEWIS sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

30. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff LEWIS's rights and justify the awarding of exemplary and punitive damages.

31. By reason of the above-described acts and omissions of defendant police officers, plaintiff LEWIS was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff LEWIS requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO for False Arrest**

32. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

33. The seizure and arrest of plaintiff FLOYD LEWIS by defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO were without probable cause and unreasonable.

34. Said defendants are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

35. In addition, defendants KRUGER, MUSIAL, and KENTER were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff LEWIS, and are therefore liable as supervisors.

36. By reason of the conduct of defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO, plaintiff LEWIS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff LEWIS pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO for Excessive Force**

37. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

7

38. The force used by defendants SILVA, SHALJANIN, KRUGER, J. PIETRYLA, M. PIETRYLA, and the other named defendant officers, in forcibly arresting plaintiff LEWIS was excessive, unnecessary, unreasonable, and without legal cause.

39. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

40. In addition, defendants KRUGER, MUSIAL, and KENTER were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff LEWIS, and are therefore liable as supervisors.

41. By reason of the conduct of defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO, plaintiff LEWIS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff LEWIS pursuant to 42 U.S.C. § 1983.

COUNT III
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO for Wrongful Pre-Trial Detention and Deprivation of Liberty**

42. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

43. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO wrongfully detained plaintiff LEWIS in custody.

44. The circumstances of the detention and loss of liberty were not reasonable.

45. Plaintiff LEWIS suffered a continued deprivation of liberty, even after his release from custody, until the charge against him was dismissed.

46. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

47. In addition, defendants KRUGER, MUSIAL, and KENTER were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff LEWIS, and are therefore liable as supervisors.

48. By reason of the conduct of defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO,

9

GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO, plaintiff LEWIS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff LEWIS pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO for Illegal Search of Person**

49. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

50. The search of plaintiff LEWIS's person by one or more of defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO was without probable cause to believe that plaintiff was involved in any criminal activity and was unreasonable.

51. Said defendants are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

52. In addition, defendants KRUGER, MUSIAL, and KENTER were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff LEWIS, and are therefore liable as supervisors.

53. By reason of the conduct of defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO, plaintiff LEWIS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff LEWIS pursuant to 42 U.S.C. § 1983.

**COUNT V**
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO for Illegal Seizure and Retention of Property**

54. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

55. The illegal seizure and retention of plaintiff LEWIS's personal property by defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO were without probable cause to believe that LEWIS was involved in any criminal activity and were unreasonable.

56. Said defendants illegally seized plaintiff LEWIS's gold chains, and never returned the chains to him.

57. In the alternative, should defendants claim that they did not seize the property, then plaintiff LEWIS's loss was proximately caused by defendants' unconstitutional conduct, and was a foreseeable consequence of their action as police officers.

58. Said defendants are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

59. In addition, defendants KRUGER, MUSIAL, and KENTER were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff LEWIS, and are therefore liable as supervisors.

60. By reason of the conduct of defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO, plaintiff LEWIS was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff LEWIS pursuant to 42 U.S.C. § 1983.

## COUNT VI
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO for Denial of Procedural Due Process**

61. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

62. The illegal seizure of plaintiff LEWIS' gold chains by defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO was occasioned by an unauthorized act by a state employee, outside an established state procedure.

63. Plaintiff LEWIS's loss of property resulting from defendants acting without delegation or authority from the state was a violation of his procedural due process rights.

64. Said defendants are each liable by their direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

65. In addition, defendants KRUGER, MUSIAL, and KENTER were supervisory officers who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff LEWIS, and are therefore liable as supervisors.

66. By reason of the conduct of defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO, plaintiff LEWIS was deprived of rights, privileges, and immunities secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiff LEWIS pursuant to 42 U.S.C. § 1983.

**COUNT VII**
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO and CITY OF CHICAGO for State Supplemental Claim of Malicious Prosecution**

67. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

68. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ,

MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO maliciously caused a false criminal charge of resisting arrest/obstruction of a peace officer to be filed and prosecuted against plaintiff LEWIS. There was no probable cause for the institution of a criminal charge against plaintiff LEWIS.

69. The criminal proceedings were commenced and continued maliciously.

70. Said defendants facilitated this malicious prosecution by failure to investigate, creating false police reports, creating false written criminal charges, and making false statements under oath.

71. Plaintiff LEWIS was wrongfully incarcerated and then wrongfully prosecuted, until the charge was finally terminated favorably to plaintiff LEWIS.

72. Plaintiff LEWIS was injured emotionally and otherwise from the loss of certain liberty and related rights.

73. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO, and each of them, is thus liable to plaintiff LEWIS under Illinois law for the state supplemental claim of malicious prosecution.

74. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeant superior* for the wrongful acts of their employees.

### COUNT VIII
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, CABELLO, and CITY OF CHICAGO for State Supplemental Claim of Battery**

75. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

76. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO engaged in illegal physical contact against plaintiff LEWIS by forcibly pushing, pulling, shoving, grabbing, seizing, knocking his head into the police car, arresting, searching, and in all other ways touching LEWIS's person without his consent and without legal authority.

77. Said touching was offensive and injurious and against plaintiff LEWIS's will.

78. Said defendants are liable to plaintiff under Illinois law for the state supplemental claim of battery.

79. Defendant CITY OF CHICAGO is liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior*.

### COUNT IX
**Plaintiff LEWIS Against Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, CABELLO, and CITY OF CHICAGO for State Supplemental Claim of Assault**

80. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

81. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO engaged in threatening conduct, gestures, and words which placed plaintiff LEWIS in fear of an imminent battery, that is, offensive and injurious touching.

82. This offensive and injurious touching included being forcibly pushed, pulled, shoved, grabbed, seized, arrested, searched, and in all other ways being touched against his will.

83. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO are liable to plaintiff under Illinois law for the state supplemental claim of assault.

84. Defendant CITY OF CHICAGO is liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior*.

## COUNT X
**Plaintiff LEWIS Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)**

85. Plaintiff LEWIS incorporates and alleges paragraphs 1-31, as though set forth herein in their entirety.

86. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

87. Defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, and CABELLO were

employees of the CITY OF CHICAGO and acted in furtherance of and within the scope of their employment in committing the acts of misconduct described herein.

88. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiff FLOYD R. LEWIS requests judgment as follows against defendants SILVA, SHALJANIN, KRUGER, GARZA, V. BONSONTO, J. PIETRYLA, M. PIETRYLA, BALSECA, M. BONSONTO, GODINEZ, CAHUE, GOMEZ, MUSIAL, APOSTOLOU, FREEMAN, KENTER, DAVID, DIAZ, CABELLO, and CITY OF CHICAGO, in the claims set forth above, and specifically:

A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

B. That defendants be required to pay plaintiff special damages, in a sum to be ascertained at a trial of this matter;

C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff punitive damages in a sum to be ascertained at a trial of this matter;

D. That defendants be required to pay plaintiff's attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision, for all federal claims alleged herein;

E. That defendants be required to pay plaintiff's costs of the suit herein incurred; and

F. That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests a TRIAL BY JURY.**


Dated: October 3, 2022                                                   /s/ Irene K. Dymkar
                                                                                    Irene K. Dymkar

Plaintiff's Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123